UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEASCAPE OF LITTLE HICKORY ISLAND, INC.,

Plaintiff,

v.

Case No. 2:26-cv-1330-KCD-KRH

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant.
_______________________________/

# ORDER

In this insurance dispute, Plaintiff Seascape of Little Hickory Island, Inc. seeks to recover unpaid flood benefits from Defendant Hartford Insurance Company of the Midwest. (Doc. 1.)[1] Hartford now moves to dismiss the complaint, arguing that Seascape's claims are time-barred under the governing statute of limitations. (Doc. 23.)

Seascape suffered flood damage from hurricane Ian. At the time of the storm, it held several flood insurance policies issued by Hartford under the National Flood Insurance Program. Seascape promptly submitted claims totaling roughly $11.4 million. Hartford investigated the damages and paid out about $9.4 million, leaving several million in dispute. (Doc. 1 ¶¶ 15-17.)

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The timeline of what happened next forms the crux of Hartford's pending motion. By statute, flood insurance claims must be filed "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. A suit filed after expiration of the one-year period must be dismissed. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352-53 (11th Cir. 2000). According to the complaint, Hartford issued a partial denial of the remaining claims on April 28, 2025. (Doc. 1 ¶ 18.) Because Seascape filed this lawsuit less than a year later, the complaint appears timely on its face.

But Hartford tells a different story. Attached to its motion are three partial denial letters that it says were mailed back in 2023. Assuming those apply, Seascape's one-year clock had long expired before this case. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) ("[A] denial letter is a proper disallowance that triggers the one-year limitation period[.]"). Seascape pushes back, arguing the Court cannot consider the denial letters because they were never received and are otherwise disputed. (Doc. 28.)

We need not get bogged down in the weeds of whether the denial letters are properly before the Court. Even if they are, Hartford's timeliness argument still comes up short. Under the National Flood Insurance Act, the one-year statute of limitations starts on "the date of *mailing*." 42 U.S.C. § 4072.

Hartford's letters contain only a date they were prepared. There is nothing to establish when they were mailed, which is the pertinent question. *See, e.g.*, *Cholankeril v. Selective Ins. Co. of Am.*, No. CV 15-3269 (JBS/KMW), 2016 WL 3769352, at *3 (D.N.J. July 14, 2016).

Hartford seemingly knows this. To bridge that evidentiary gap, it also submits a sworn declaration from a third-party vendor attesting that the denial letters were created and mailed on the dates listed. (Doc. 23-1.) At this stage, however, the Court cannot weigh extrinsic affidavits about corporate mailing procedures. *Aaron Saxon Props., LLC v. Fed. Emergency Mgmt. Agency*, No. CV 25-239-JWD-EWD, 2026 WL 777237, at *4 (M.D. La. Mar. 19, 2026). The incorporation-by-reference doctrine allows a court to look at certain central documents, but it does not open the door to substantive witness testimony disguised as an exhibit. "Even if [Harford] is right about the denial letter[s], [it] still relies on [a] declaration to establish when the letter[s] w[ere] issued, and that declaration is clearly beyond the scope of Rule 12(b)(6)." *Id.*

Without relying on the affidavit, the Court has no way to determine when the letters were mailed. And without knowing the date of mailing, the Court cannot declare this lawsuit time-barred on the pleadings. *Id.*; *see also Donnelly v. Allstate Ins. Co.*, No. 8:26-CV-00328-SDM-NHA, 2026 WL 1129816, at *1-2 (M.D. Fla. Apr. 27, 2026).

There are two ancillary issues apart from the statute of limitations argument. First, Hartford points out that it has already paid the policy limits for the building covered under Policy No. 8701905745. (Doc. 23 at 17.) Seascape concedes the point and agrees to drop that portion of its suit. (Doc. 28 at 12.) Second, Hartford asks the Court to dismiss any state-law claims or demands for attorney's fees. (Doc. 23 at 17-18.) But Hartford is shadowboxing. Seascape does not rely on state law and confirms it is not seeking attorney fees. (Doc. 28 at 12.)

Accordingly, Hartford's Motion to Dismiss (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**. Seascape's claim for damages under Policy No. 8701905745 is **DISMISSED**. The motion is otherwise **DENIED**.

**ORDERED** in Fort Myers, Florida on August 24, 2026.

Kyle C. Dudek
United States District Judge